IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGENXBIO INC. and THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,<br><br>       Plaintiffs,<br><br>    v.<br><br>SAREPTA THERAPEUTICS, INC., SAREPTA THERAPEUTICS THREE, LLC, AND CATALENT INC.,<br><br>       Defendants. | C.A. No.  23-667-RGA |

**PROTECTIVE ORDER**

Plaintiffs The Trustees of the University of Pennsylvania ("University") and REGENXBIO Inc. ("REGENXBIO," together with University, "Plaintiffs"), and Defendants Sarepta Therapeutics, Inc., Sarepta Therapeutics Three, LLC (together "Sarepta"), and Catalent Inc. ("Catalent," together with Sarepta, "Defendants"), parties to the above-captioned action ("this Action"), anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this Action and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Federal Rules of Civil Procedure ("Federal Rule") 26(c), the Court finds good cause for the following Protective Order ("Order" or "Protective Order"):

  **1.** **Proceedings and Form of Information Governed**

This Protective Order shall govern any document, information, or other thing, including information in electronic form, furnished by any party or nonparty to any party in connection

1

with this Action. In addition to documents and things produced in this Action, the form of information protected includes, but is not limited to, deposition testimony and exhibits and all copies of extracts, summaries, compilations, designations, and portions thereof, and responses to requests to produce documents or things, interrogatories, requests for admission, and third-party subpoenas.

2. **Duration**

Unless modified, superseded, or terminated pursuant to the terms contained in this Order or other applicable Court order, this Order shall remain in effect through the conclusion of this Action and any appeals therefrom. Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs.

3. **Designation of Information for Protection Under this Protective Order**

Any information produced in this Action that is reasonably believed by the producing party to contain trade secret or other confidential research, development, or commercial information may be designated as "CONFIDENTIAL" by stamping or otherwise marking the material as such prior to production.

Any information produced in this Action that is reasonably believed by the producing party to be CONFIDENTIAL information and that is also of such a sensitive nature that its disclosure would provide the receiving party a competitive business advantage, or create a substantial risk of serious harm to the producing party, may be designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" by stamping or otherwise marking the material as such prior to production. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information may include, for example, technical information such as: (a) unpublished, pending patent applications; (b) information, documents or things that

disclose or describe new product designs that have not been introduced to the market, commercialized, or otherwise disclosed to the public; (c) information or documents that describe or disclose the materials, methods, or processes used by or on behalf of the party designating the material to design, develop, or manufacture its product; (d) proprietary technical information related to products accused of infringement in this case, products currently being sold, and/or products under development; or (e) extremely sensitive non-technical information, including financial, sales, marketing, and strategic business planning information.

In the case of written material, documents, or tangible items, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall be made at or prior to the time the receiving party is provided a copy of the information. In lieu of marking the originals or documents, the party may mark the copies that are produced or exchanged, or, if not practicable to mark, otherwise notify the receiving party in writing.

If a party through inadvertence produces or provides discovery of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY information (collectively, "Protected Material") without first labeling, marking, or designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" then the producing party may thereafter give written notice promptly after discovery of such inadvertent production or provision of discovery to the receiving party or parties that the document, thing, transcript, or other embodiment of Protected Material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and such Protected Material should be treated in accordance with the provisions of this Protective Order. The receiving party or parties must treat such document, thing, transcript, or other embodiment of Protected Material accordingly from the date such notice is received. Disclosure of such

document, thing, transcript, or other embodiment of Protected Material prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Protective Order or a waiver of the confidential status of the information; however, those persons to whom disclosure was made are to be advised that the material disclosed was "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and must be treated in accordance with this Protective Order. The provisions of Section 9 of this Protective Order shall apply in the event of any disputes with respect to the propriety or correctness of a party's designation of the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

4. **Disclosure of "CONFIDENTIAL" Information**

All documents, information, or other things designated "CONFIDENTIAL" may be disclosed by the receiving party to and only to:

- a. The attorneys of record in this Action and their respective partners, associates, clerks, legal assistants, and support personnel, and further including independent organizations and employees thereof retained by such attorneys or by a party directly to provide professional litigation support services in this Action, such as translation, graphics, design, and document processing;

- b. Court personnel, court reporters, and videographers involved in this Action;

- c. Independent experts and consultants retained in this Action, and the employees of such experts and consultants who are assisting them, provided that the procedures set forth in Section 6, below, have been followed;

- d. For REGENXBIO, University, Sarepta, and Catalent, four Designated In-House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2)

        who have signed the declaration in the form attached hereto as **Exhibit A,** and (3) for whom the procedures set forth in Section 6, below, have been followed;

e.      Jury or trial consulting service providers, who have been advised of the provisions of this Protective Order and have executed a declaration in the form attached hereto as **Exhibit A,** a copy of which shall be retained by counsel, and, including mock jurors (who may not receive or retain physical copies of any Protected Material), who have been advised of the provisions of this Protective Order;

f.      Such other persons as hereafter may be designated by written agreement of parties in this Action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow) permitting such disclosure; and

g.      An author, recipient, or custodian of the Confidential Material or any deposition witness who is appearing on behalf of the party that produced the Confidential Material.

**5.**      **Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information**

All documents, information, or other things designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" are included within the meaning of CONFIDENTIAL as used in this Protective Order, and all the provisions set forth in this Protective Order that apply to CONFIDENTIAL materials also apply to material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Notwithstanding any other provision of this agreement, however, access to documents, information, and other things designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" will only be granted to persons defined in subparagraphs 4(a)-(c) and 4(e)-(g) of this Order, and pursuant to the terms of this Order.

## 6.  Procedures for Approving or Objecting to Disclosure of Protected Material

Before disclosing another party's Protected Material to any person referred to in subparagraphs 4(c), and 4(d), a receiving party must first provide written notice by email to the counsel of record for the producing party. The notice must include a signed copy of the declaration in the form attached hereto as **Exhibit A,** agreeing to be bound by the terms of this Protective Order. Before disclosing another party's Protected Material to an expert or consultant, a receiving party must also provide further written notice including: (a) the expert or consultant's name, business title, business address, and business or profession; (b) a current CV; (c) the expert or consultant's previous or current relationship (personal or professional) with any of the parties (or any known predecessors or successors-in-interest identified to attorneys of record providing notice); (d) a list of cases in which the expert or consultant testified (at trial or deposition) within the last four years; (e) a list of all companies for which the expert or consultant has consulted or that have employed the expert or consultant in the area of AAV gene therapy to whom the expert or consultant has provided professional services within the last wo years.[1] The producing party shall have seven (7) calendar days from receipt of the written notice to object to the disclosure. No person referred to in subparagraphs 4(c), or 4(d) shall review any Protected Material prior to agreeing to be bound by the terms of this Protective Order and the expiration of the seven (7) calendar days. If an objection is made, then the parties shall negotiate in good faith to resolve the matter, and if the matter cannot be resolved, the party opposing disclosure shall file a motion with the court to resolve the dispute no later than fourteen (14)

---

[1] If the expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then he or she should provide whatever information he or she believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert or consultant shall be available to meet and confer with the producing party regarding any such engagement.

calendar days after the objection is made. The party opposing disclosure to a particular person shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Protected Material to that person.

### 7. Use of Protected Material

Protected Material shall be used by the receiving party and approved persons to whom it is disclosed solely in preparation for discovery, trial, or settlement of this Action, or for use at trial and in any appellate proceeding concerning this Action. Protected Material shall not be used by such party or persons for any business or other purpose or disclosed to any person or entity not entitled under this Protective Order to receive it, unless agreed to in writing by all parties to this Action or as authorized by further order of the Court. For example, the Protected Material of another party shall not be used for any research, development, patent prosecution, commercial, marketing, regulatory, or other competitive purpose. All persons receiving Protected Material are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the U.S. Patent & Trademark Office, the U.S. Food and Drug Administration, or their counterpart organizations in any foreign jurisdiction without first obtaining leave of Court.

Protected Material must be stored and maintained by a receiving party in a reasonably secure manner that ensures that access is limited to the persons authorized under this Protective Order. The receiving party shall exercise at least the same degree of care and employ the same commercially-reasonable security protocols in handling the Protected Material from the producing party that it would with its own Protected Material and to confidential information of a similar nature.

Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Protective Order.

Protected Material does not include material: (a) that is or has become publicly known through no fault of the receiving party; (b) that is lawfully acquired by or known to the receiving party independent of the producing party or discovery in this Action that the receiving party is not otherwise obligated to keep confidential; (c) previously produced, disclosed and/or provided by the producing party to the receiving party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the producing party; or (e) pursuant to an order of the Court.

## 8. Party's Own Information

The restrictions on the use of Protected Material established by this Protective Order are applicable only to the use of Protected Material received by a party from another party or from a nonparty in connection with this Action.  A party is free to do as it wishes with its own information, but in the event a party possesses Protected Material of another pursuant to a written confidentiality agreement, the party requesting such information shall not be entitled to discover such information without the consent of the other or upon further order of the Court.

## 9. Removal

A receiving party may seek the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" designations from particular items. In such event, the following procedure shall apply:

      a.      The party or person seeking such removal shall give counsel of record for the party asserting the protection written notice thereof, supported by the reason therefor specifying the document, information, or other thing as to which such removal is sought.

      b.      If the parties cannot reach agreement concerning the matter within seven (7) calendar days after service of the notice, or such shorter time as the Court may allow, then the party seeking removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" designation may seek relief from the Court utilizing the procedures set forth in paragraph 3.f. of the Court's Scheduling Order (D.I. 20). The party seeking removal of the designation must contact the Court according to those procedures within twenty (20) business days after the expiration of the seven-calendar-day period referred to previously. Absent a material change in circumstances, if a party does not contact the Court to raise the dispute within twenty business days, it shall waive the right to request removal of the designation for that particular document. The parties agree that they will take all steps necessary to assure that any such motion is presented to the Court in the most expeditious fashion reasonably possible under the circumstances.

      c.      The party seeking to designate the information and/or document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" has the burden, in response to any such motion, to establish the appropriateness of the protection sought.

**10.   Depositions**

Deposition testimony may be designated as Protected Material by indicating on the record at the deposition that the testimony is Protected Material and subject to the provisions of this Order. A party may also designate deposition testimony as Protected Material by notifying

all parties, in writing, that the transcript contains Protected Material within fourteen (14) days after the receipt of the final deposition transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portions thereof in their possession or control as directed by the Producing Party or deponent.  Unless otherwise designated before, all depositions shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" for a period of fourteen (14) calendar days after a full and complete transcript of said deposition is available.  After this fourteen-day period and unless otherwise designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the deposition transcript shall not be treated as containing Protected Material.

11. **Exclusion From Deposition**

Whenever any documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

12. **Subpoenas**

In the event any person or party having possession, custody, or control of any Protected Material receives a subpoena, or other process or order to produce such information, such person or party shall notify in writing the attorneys of record of the party claiming such confidential treatment of the item, document, or information sought by such subpoena, process, or order; shall furnish those attorneys of record with a copy of said subpoena, process, or order; and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected.  If the party

asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process, or order until the Court has ruled upon the motion, and then only in accordance with the Court's ruling.  If no such motion is made by the party asserting confidentiality despite a reasonable opportunity to do so, the person or party receiving the subpoena, process, or order shall be entitled to comply with it, provided it has fulfilled its obligations pursuant to this Protective Order.

13. **No Waiver**

Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this Action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets or other Protected Material of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a party of the necessity of proper response to discovery devices.

14. **Return of Information**

Within ninety (90) calendar days after the conclusion of this Action, whether by judgment and exhaustion of all appeal rights, or by settlement, all Protected Material and all documents that reflect such information shall be (a) delivered to the party that furnished such Protected Material, or (b) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel.  The attorneys of record shall ensure that all the Protected Material in the possession, custody, or control of their

experts and consultants is also destroyed or returned to the party that furnished such Protected Material, for return to the producing party or destruction by the receiving party. In no event shall a party, its experts, or consultants retain a copy of Protected Material produced to it. Notwithstanding the foregoing, counsel of record in this Action may retain: (a) one copy of all pleadings, motions, and briefs (including supporting or opposing memoranda and exhibits), and written discovery responses (including all attachments and exhibits) filed with the Court and/or served upon or by opposing counsel; (b) one copy of each transcript of any depositions (and summaries thereof) taken in this Action, including all exhibits thereto; (c) one copy of any transcripts of hearing, status conference, and trial transcripts; (d) one copy of each expert report; (e) all documents or other materials marked as trial exhibits; and (f) all notes, summaries, descriptions, abstracts, or other work product materials prepared in anticipation of or for use in this Action; provided, however that access to Protected Material contained in any of these retained materials shall be limited to counsel of record for their own internal use, and that such information shall not be provided to any non-party without the express prior written permission of counsel of record for the opposing party or pursuant to court order.  Counsel need not search emails or back-up files for Protected Material.

15. **Non-Parties**

At the request of a non-party who produces documents or testimony in the case, and who is willing to be bound by the terms of this Protective Order, the terms of this Protective Order will be applied to protect the confidentiality of any documents or information supplied by that third party in the course of this litigation so long as such third party designates the documents or information as Protected Material consistent with the terms of this Protective Order.

16. **Court's Jurisdiction**

The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The provisions of this Protective Order regarding the use and/or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall survive the termination of this Action, and the Court shall retain jurisdiction with respect to this Protective Order.

17. **Privilege Logs**

No communications with outside counsel, regardless of the date or the subject matter, need to be listed on a privilege log, and failure to do so shall not constitute waiver of any privilege or immunity.  The parties shall list on their privilege logs documents regarding U.S. patent application 16/368,758 created up to and including June 20, 2023, the date this action was commenced, and failure to log documents regarding U.S. patent application 16/368,758 created after June 20, 2023 shall not constitute waiver of any privilege or immunity.  Other than documents regarding U.S. patent application 16/368,758 created up to and including June 20, 2023, the parties need not list privileged or work product documents created after September 15, 2020, the commencement of Civil Action No. 20-1226, on a privilege log, and failure to do so shall not constitute waiver of any privilege or immunity.  If a document containing privileged information is part of an email thread, the producing party shall list on the privilege log only the latest email in the thread, provided that email contains all prior emails in the thread.  The parties shall determine a time for exchange of privilege logs after document production is substantially complete.

**18.      Privileged Documents**

Nothing in this Order shall require production of documents, information, or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege or immunity under Fed. R. Evid. 502(d).

If a producing party discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be destroyed.  Upon receipt of a written claim of inadvertent production of information that is privileged or otherwise immune from discovery, the receiving party shall:

(a) immediately upon receipt of the claim make no further copies, reproductions, or transcriptions of the inadvertently disclosed information or document; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested document physically at the deposition must be immediately returned to counsel for the producing party present at the deposition; and

(b) within five (5) days of receipt of the claim, destroy or return to the producing party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the receiving party and by those persons to whom the receiving party may have disclosed such information.

Nothing herein shall prevent a receiving party from challenging the propriety of any claim of attorney-client privilege, work product immunity, or other privilege designation for any

inadvertently produced document, except that the inadvertent disclosure alone shall not be a basis for any such challenge, absent exceptional circumstances. The producing party shall maintain for the duration of the Proceedings a copy of any inadvertently produced document for which it made a subsequent claim of attorney-client privilege, work product immunity, or other privilege. Despite the existence of a challenge, any inadvertently produced document that is returned based on a claim of attorney-client privilege, work product immunity, or other privilege shall be treated as if it were properly covered by the asserted attorney-client privilege, work product immunity, or other privilege unless and the challenge is resolved in favor of the receiving party.

19. **Discoverability of Expert or Consultant Related Materials**

Subject to the requirements of Fed. R. Civ. P. 26(a)(2), the parties agree that the following information related to retained experts or consultants shall not be discoverable: (a) drafts of expert declarations or reports; (b) communications between an expert or consultant and any attorney for the party retaining the expert or consultant pertaining to the preparation of any report, declaration, or trial testimony of that expert or consultant, or otherwise in connection with that person's engagement for this Action; and (c) all notes, memoranda, or other writings prepared by an expert or consultant in connection with that person's engagement for this Action, except to the extent that such notes, memoranda, or other writings are specifically referred to and/or relied upon in an expert's report.  The parties further agree that the information excluded from discovery under this Section shall be attorney work product.

20. **Other Proceedings**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective

15

Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

21. **Miscellaneous**

Nothing in this Protective Order abridges the right of any party to seek its modification by the Court in the future. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

22. **Filing Protective Material**

Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this Action any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" under this Protective Order. Any material designated pursuant to this Order that is filed with the Court shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

| | |
|---|---|
| FISH & RICHARDSON, P.C. | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| */s/Susan E. Morrison* | */s/Derek J. Fahnestock* |
| Susan E. Morrison (#4690) | Jack B. Blumenfeld (#1014) |
| Casey M. Kraning (#6298) | Derek J. Fahnestock (#4705) |
| Brandon J. Pakkebier (#6604) | Morris, Nichols, Arsht & Tunnell LLP |
| 222 Delaware Avenue, 17th Floor | 1201 North Market Street |
| Wilmington, DE 19801 | P.O. Box 1347 |
| Tel: 302-652-5070 | Wilmington, DE 19899-1347 |
| morrison@fr.com; | Tel: 302-658-9200 |
| kraning@fr.com; | jblumenfeld@mnat.com dfahnestock@mnat.com |
| pakkebier@fr.com | |
| | OF COUNSEL: |
| Brian D. Coggio | Andrew M. Berdon |
| Jeremy T. Saks | Robert B. Wilson |
| Fish & Richardson P.C. | James E. Baker |
| 7 Times Square, 20th Floor | Anastasia M. Fernands |
| New York, NY 10036 | QUINN EMANUEL URQUHART & |
| coggio@fr.com | SULLIVAN LLP |
| saks@fr.com | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| John R. Lane | (212) 849 7000 |
| Fish & Richardson P.C. | |
| 909 Fannin Street, Suite 2100 | *Attorneys for Defendants* |
| Houston, TX 77010 | |
| jlane@fr.com | |
| | |
| Deanna J. Reichel | |
| Fish & Richardson P.C. | |
| 60 South Sixth Street, Suite 3200 | |
| Minneapolis, MN 55402 | |
| reichel@fr.com | |
| | |
| *Attorneys for Plaintiff* | |
| *REGENXBIO Inc.* | |

17

MORGAN, LEWIS & BOCKIUS LLP

*/s/Amy M. Dudash*
Amy M. Dudash (#5741)
1201 N. Market Street, Suite 2201
Wilmington, DE  19801
Tel: (302) 574-3000
amy.dudash@morganlewis.com

*Attorneys for Plaintiff The Trustees of the University of Pennsylvania*

SO ORDERED this  17  day of   November , 2023.

                                                /s/ Richard G. Andrews
                                               UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| REGENXBIO INC. and THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, <br><br> Plaintiffs, <br><br> v. <br><br> SAREPTA THERAPEUTICS, INC., SAREPTA THERAPEUTICS THREE, LLC, AND CATALENT INC., <br><br> Defendants. | C.A. No.  23-667-RGA |

**EXHIBIT A TO THE PROTECTIVE ORDER**

I, _____, declare that:

1. My home address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____.

3. I am assisting counsel for _____ in the above-captioned matter.

4. My relationship to plaintiff/defendants is _____.

5. I have received a copy of the Protective Order (the "Protective Order") in this Action.

1

6.      I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose any of the contents of any Protected Material received under the protection of the Protective Order in any manner not authorized by the Protective Order. I agree to subject myself to the jurisdiction of the United States District Court of Delaware for the purpose of any proceedings relating to the Protective Order, and that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to comply with the Protective Order.

7.      I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Protected Material in a container, cabinet, drawer, room, password protected if an electronic file, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all documents and things constituting Protected Material that come into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained or destroy such information in accordance with the Protective Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_ day of _____, 2023, in the State of _____.

_____
Signature